UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UBS Financial Services Inc.,

                    Plaintiff,

   - against –

LAWRENCE MANTOVI, and EILEEN
MANTOVI,

                    Defendants.

--------------------------------------------------------X

**MEMORANDUM AND ORDER**
2:17-cv-5921 (DRH)(AYS)

**HURLEY, Senior District Judge:**

## INTRODUCTION

Interpleader Plaintiff UBS Financial Services Inc. ("Plaintiff") commenced this action on October 10, 2017, seeking to deposit the liquidated value of a joint retirement account (the "UBS Account") with the Court in order to protect itself against conflicting claims made by former spouses and Interpleader Defendants Lawrence and Eileen Mantovi ("Lawrence Mantovi" and "Eileen Mantovi" respectively"). For the reasons discussed below, the Court declines to exercise jurisdiction pursuant to the matrimonial exception and the case is dismissed in its entirety.

## BACKGROUND

On January 24, 2018, Eileen Mantovi filed a proposed Order to Show Cause enjoining Plaintiff from distributing, converting, rolling over, or transferring the UBS Account during the pendency of this action. (Unsigned Order to Show Cause [DE 13] at 1.) The Court declined to sign the Order to Show cause on the basis that the application appeared to fall within the matrimonial exception to diversity jurisdiction. (Electronic Order [DE 15] dated Jan. 24, 2018.)

In accordance with its obligation to ensure that subject matter jurisdiction exists, the Court entered its own Order directing the Parties to show cause why the matter should not be dismissed for lack of subject matter jurisdiction pursuant to the matrimonial exception. (Order to

Show Cause [DE 14] (Jan. 24, 2018).)  The Parties were directed file initial responses on or

before February 7, 2018, and replies, if any, on or before February 14, 2018.  (*Id.*)

On February 8, 2018, Eileen Mantovi's counsel moved for an extension of time to file a

late response to the Order to Show Cause, on the basis that he was unable to access the ECF

system because of issues with his username and password.  The Court hereby grants that request,

and accepts the late response.  Neither Plaintiff nor Lawrence Mantovi filed either an initial

response or a reply to the Court's Order to Show Cause.  Despite the fact that Plaintiff failed to

respond to the Court's January 24, 2018 Order to Show Cause, the Court will still consider

whether to entertain this interpleader action.

## DISCUSSION

### I.      *Principles Regarding Subject Matter Jurisdiction*

Pursuant to 28 U.S.C. § 1332, Federal Courts have subject matter jurisdiction over civil

actions in which the matter in controversy exceeds $75,000 and is between citizens of different

states.  The party asserting diversity jurisdiction has the burden to prove the same.  *Pennsylvania*

*Pub. Sch. Employees' Ret. Sys.*, 772 F.3d at 118.  "[D]iversity of citizenship should be distinctly

and positively averred in the pleadings, or should appear with equal distinctness in other parts of

the record[.]"  *Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc.*, 87 F.3d 44, 47 (2d

Cir. 1996) (internal quotation marks omitted).

### II.     *Matrimonial Exception*

The Supreme Court has established that abstention from the exercise of federal

jurisdiction is "an extraordinary and narrow exception to the duty of a District Court to

adjudicate a controversy properly before it."  *Colorado River Water Conservation Dist. V.*

*United States*, 424 U.S. 800, 813 (1976) (internal quotations omitted).  However, the Second

Circuit has carved out an exception to federal jurisdiction for "issues 'on the verge' of being matrimonial in nature . . . so long as there is no obstacle to their full and fair determination in state courts" and "the interests of justice would be served by allowing the determination to be made in [state court] in view of [the state court's] great familiarity with matrimonial disputes and the absence of any such expertise by the federal courts." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (citing *Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir. 1976)); *see also Mitchell-Angel v. Cronin*, 101 F.3d 108, 108 (2d Cir. 1996); *Hamilton v. Hamilton-Grinols*, 363 Fed. Appx. 767, 769 (2d Cir. 2010). This exception is known as the domestic relations exception or the matrimonial exception.

In *Am. Airlines*—the foundational case on the matrimonial exception—the Second Circuit found that a federal district court impermissibly intruded upon state law matrimonial jurisdiction in collecting and ordering the distribution of funds when the corresponding maintenance obligations and arrears had not been reduced to a final judgment in state court. 905 F.2d at 14. More recently, in a Southern District case that cited *Am. Airlines*, the court explained that ruling on the proper distribution of assets was "an action clearly matrimonial in nature." *Ramney v. Bauza,* 2011 WL 4056896, at *3 (S.D.N.Y. Aug. 31, 2011). In another recent Southern District case, the court concluded that confirming an arbitration award, and thereby "ruling on the proper distribution of assets" was matrimonial in nature and subject to the domestic relations exception. *Genger v. Genger*, 252 F. Supp. 3d 362, 368 (S.D.N.Y. 1017). Thus, cases that require the court to determine how to divide marital property fall squarely within the matrimonial exception.

III.    *Defendant Eileen Mantovi's Arguments*

In the letter filed on behalf of Defendant Eileen Mantovi, counsel avers that the Court has jurisdiction over the dispute, and should exercise such jurisdiction in this matter. (Response to Order to Show Cause [DE 17-1] at 1 (hereinafter "Response").) In support of this assertion, counsel argues that "[t]he Court is not being asked to rule on the marital status of the parties, issues involving child support or to determine the terms of Mr. and Ms. Mantovi's divorce. Ms. Mantovi simply seeks that this Court interpret the prior agreements and order between her and Mr. Mantovi concerning the [UBS Account]." (*Id.*) Counsel cites to an older Fifth Circuit case in which the court found that it had jurisdiction over a contractual dispute requiring the defendant to pay retirement benefits to the plaintiff. *See Erspan v. Badgett*, 647 F.2d 550 (5th Cir. 1981). Counsel also cites to a similar case decided in the Eleventh Circuit from 1987. *See Kirby v. Mellenger*, 830 F.2d 176 (11th Cir. 1987) (finding that the "core" of the matter was not a domestic relations issue). These cases are not binding on this Court, and given the contrary and controlling precedent in the Second Circuit, they are also unpersuasive.

IV.    *The Matter is Dismissed as Subject to the Matrimonial Exception*

Based on the information provided to the Court in the Complaint, the Unsigned Order to Show Cause, the telephone conference, and the Response, the Court finds that the central issue in this case is matrimonial in nature. Specifically, Plaintiff seeks to distribute the UBS Account with the Court and remove itself from any further liability. Concurrently, Defendant Eileen Mantovi has asked the Court to enjoin Plaintiff from distributing the UBS Account should Lawrence Mantovi pass away, and to distribute her portion of the UBS Account to her. The wrinkle here is that there is no information in the record whatsoever explaining *how* the UBS Account is to be divided between Eileen and Lawrence Mantovi. In fact, it seems that the

matrimonial court has not yet issued a decision on that question. Thus, the nature of this action would require the Court to determine how to divide and distribute the UBS Account. As discussed above, it is well established in the Second Circuit that "ruling on the proper distribution of assets" is matrimonial in nature and subject to the matrimonial exception. *See, e.g.*, *Genger*, 252 F. Supp. 3d at 368. Therefore, the Court finds that this case is subject to the matrimonial exception and declines to exercise jurisdiction.

Second Circuit precedent requires the Court to consider whether there is any obstacle to the full and fair determination of this matter in state court. *Am. Airlines, Inc. v. Block*, 905 F.2d at 14. The Court finds that there is not.[1]

## CONCLUSION

Based on the foregoing, the Court declines to exercise jurisdiction. Accordingly, the action is dismissed and the Clerk of Court is directed to close the case.

Dated: Central Islip, New York
April 11, 2018

_____/s/_____
Denis R. Hurley
United States District Judge

---

[1] As an additional note, this is an interpleader action and "it is well recognized that interpleader is an equitable remedy, and a federal court may abstain from deciding an interpleader action if another action could adequately redress the threat that the stakeholder might be held doubly liable." *Am. Airlines*, 905 F.2d at 14 (citing *Home Indemnity Co. v. Moore*, 499 F.2d 1202, 1205–06 (8th Cir. 1974)).